Cause No. _____

United States District Court

Northern District of Texas

Lubbock Division



Complaint 42 U.S.C. § 1983

5-24CV-201-ℌ

Lonnie Kade Welsh Plaintiff

### I.   Complaint

1. Come Now the Plaintiff, Lonnie Kade Welsh, files this action involving violations of his United States Constitutional civil rights.

### II.   Introduction

2. This is an action brought pursuant to, inter alia 42 U.S.C. 1983, alleging violation inter alia of the First, Fourth and Fourteenth Amendment to the Constitution of the United States of America and various State of Texas Tort claims.

3. At all relevant times Lonnie Kade Welsh is civilly committed at the Texas Civil Commitment Center (henceforth TCCC) under the Sexually Violent Predator Act Texas Health and Safety Code 841 (henceforth THS) at 2600 South Sunset Avenue, Littlefield, Texas 79339.

4. At all relevant times individual defendants cited herein acted under color of state law providing security as employees of Management and Training Corporation under contract with the Texas Civil Commitment Office who administer the Texas Health and Safety Code 841 under color of state law.

### III.  Parties

5. Defendant Kendrick Fennel in his individual capacity Greenwalt acted under the color of state law as a case manager for the Texas Civil Commitment Office and is being sued in his individual capacity and official can be served at the Texas Civil Commitment Center 2600 South Sunset Ave., Littlefield, Tx 79339.

6. Defendant James Pearson in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

7. Defendant D. Saenz; in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

8. Defendant Chapo Rodriguez in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

9. Defendant Jose Cardenas in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

### IV.  Jurisdiction

10. This Court has jurisdiction under 28 U.S.C. § 1331, § 1343, and § 1367

### V.  Facts

11. On the day Welsh left for the County Jail on or about May 25th 2023 Welsh was being escorted by a Lamb County Sheriff Officer having been official arrested.

12. On that day Welsh seen the Law Liberian Mrs. Carpenter on the sidewalk being escorted to the Sheriff vehicle to be taken to the jail.

13. Welsh had given Carpenter a nine-page declaration of facts on the treatment Lonnie Kade Welsh had observed leading up to the death of Larry Johnson to be copied so he could see the declaration delivered to important people of interest because the administrators killed Larry Johnson.

14. Larry Johnson was crippled and housed with Welsh in the solitary confinement area.

15. The administrators James Winkler who is the chief of security and Wayne Schmoker who was the Facility administrator.

16. These individuals did not feed him, would not give him water, refused to provide an area for him to shower, did deny him medication, did leave him on the floor, and while lying on the floor Johnson could not move to go to the bathroom and shit and pissed on himself for months without anyone helping or cleaning him up.

17. This was ongoing for almost 6 months until Larry Johnson died.

18. Carpenter Stated that she did not have the declaration that she confiscated the legal work and took it to the chief of security Winckler.

19. Welsh asked her why does he have it and she was non-verbal in the exchange.

20. This exchange was captured on the Lamb County Sheriff officers body worn

camera.

21. Upon Welsh's return to the TCCC from the Lamb County Jail Welsh asked Carpenter where the declaration was and asked for its return.

22. Winckler claimed he destroyed the declaration.

23. The declaration was priceless. It contained dates and times of who what where and when with Larry Johnson that Welsh cannot duplicate because the originals were lost because they were on Welsh's flash drive.

24. Welsh was returned to the Texas Civil Commitment Center on July 1, 2023.

25. On July 3, 2023 Welsh inquired about his legal flash drive that contained all his legal work upon the drive and had the precise events that occurred with Larry Johnson.

26. It was told to Welsh that IT Ramirez had the drive.

27. I asked why does IT have the drive because it was supposed to be located at the law library waiting for Welsh to return.

28. I asked if the drive could be brought to me.

29. This was denied by Stetson Fisher.

30. After I had met with Fisher asking for the drives and that is when Jeroldo and Murphree wrote the false disciplinary reports.

31. For several weeks Welsh continued to ask for his legal flash drive to be brought to him by IT Ramirez.

32. When asked why he had reviewed Welsh's legal material outside of his presence Ramirez informed Welsh that Winckler had instructed him to look through the drive for any further declarations on Larry Johnsons' death.

33. After several weeks Ramirez claimed that all the information was destroyed upon the legal drive and was unable to be retrieved.

34. Ramirez purposely destroyed all of Welsh's legal papers that contained almost a decade of legal research and specifically Welsh's notes of the 6 months prior to Larry Johnson's death.

35. When asked if I could see the flash drive to verify if the drive was truly blank or to send it home Wayne Schmoker threatened Welsh telling him that he would constantly write him cases if he keep asking for his legal flash drive.

36. On 10-6-23 the Fifth Circuit issued a ruling in the Welsh v. Unknown Male Shift Supervisor case 23-10171 and mailed the ruling to Welsh and mailed the ruling to Welsh on the same day.

37. Darla Jennings who is in charge of the legal mail failed to deliver the mail to Welsh.

38. Welsh was injured by not being able to address with the court on a motion to reconsider the denial of the mail box rule which was contrary to circuit precedents and long standing 5th circuit rules applied to those who are incarcerated to some degree.

39. On or about July 6, 2023 officer Jeroldo and Murphree did file false disciplinary charges against Welsh for the purpose of retaliation for Welsh bonding out of the Lamb County Jail.

40. This was arranged by Winckler according to Murphree to try and get Welsh placed back in the Lamb County Jail for alleged threats as he believed this would violate Welsh's bond conditions.

41. Sheriff investigator Chris Weston did come to investigate the claims yet found no violation.

42. On 12-20-23 the 5th Circuit issued an opinion in the Welsh v. Abbot case 23-50492 and mailed the ruling to Welsh on the same day.

43. Darla Jennings delayed giving Welsh the mail until January 15, 2023.

44. This injured Welsh by not allowing him to move the court for reconsideration on the opinion and for the sanctions warning.

45. The case fits the criteria for the full court to review due to circuit splits in the application of law if a 42 U.S.C. 1983 would apply to a criminal case when a 28 U.S.C. 2254 is no longer available to him.

46. This would also meet the definition of a non-frivolous legal claim, therefore, preempting the warning issued by the court.

47. In Welsh v. McLane the Fifth Circuit issued on 1-16-24 briefing notice due date of 2-26-24. Welsh never received the mail from Jennings and did not find out of the due date until 2-22-23 at 9 p.m. at night.

48. Welsh was not able to present his brief to the court therefore he had to abandon his claims.

49. In Welsh v. Thorne the Fifth Circuit issued on 1-18-24 briefing notice due date of 2-27-24. Welsh never received the mail from Jennings and did not find out of the due date until 2-22-23 at 9 p.m. at night.

50. Welsh was not able to present his brief to the court therefore he had to abandon his claims.

51. On Jennings had numerous times refused to timely give Welsh his legal mail

withholding legal mail several times from several different District Courts and Texas Appellate Courts from July of 2023 to February of 2024.

52. Jennings informed Welsh that she was delaying Welsh's legal mail because he wrote communication forms, grievances and complaining to shift captains on her about retaliating against him for making bond by withholding his clothing and hygiene.

53. The exact dates for the held legal mail are discoverable as Welsh had inquired upon the missing items and when they were delivered are reflected upon the legal mail sign in sheet.

54. When the mail was delayed Welsh noted the delay on the sign in sheet and Welsh had always signed when he received his mail. A blank spot means that the mail was not delivered. To include but not limited to July 10; Oct. 16,24,27,30; Aug 15, of 2023.

55. Because Welsh was writing grievances on Jennings for the denial of legal mail, the denial of my legal flash drive and not being able to attend law library Carpenter refused to make Welsh legal copies of needed case laws claiming that she could not find them though they were clearly stated.

56. Jennings has consistently come into Welsh's cell and would destroy his legal work. Jennings had done this prior to and after the holding of Welsh's legal mail to include on or about January 24, 2023 and on or about August 7, 2024.

57. On or about January 24, 2023 Jennings purposely emptied a container full of liquid coffee upon several of Welsh's grievances making the grievances unreadable.

58. On or about August 7, 2024 she did throwaway every single Management and Training Corporation grievances that Welsh had ever filed, every single Texas Civil Commitment Office grievance that Welsh had ever filed, every single communication form that Welsh had ever filed, and several pieces of evidence of the return of Welsh's personal correspondence to his mother Lonnell Hanks and the return of her letters without allowing Welsh to read

them and the return of other family member letters such as Connor Hanks, John Welsh, and Connie Echos.

59. Jennings as the mail officer would return Welsh's letters without allowing him to mail them out from July 1, 2023 to present day for Lonnell Hanks Welsh's mother and from July 1, 2023 to on or about August 1, 2023 for Connor Hanks, John Welsh, and Connie Echos Welsh's brothers and aunt.

60. Jennings as the mail officer would return Welsh's letters addressed to him from Lonnell Hanks Welsh's mother and from July 1, 2023 to on or about August 1, 2023 for Connor Hanks, John Welsh, and Connie Echos Welsh's brothers and aunt without allowing him to read them.

61. This was done immediately after welsh had exercised his right to bond and started asking about his legal flash drive.

62. No procedural due process was ever given to return Welsh's letters both the one's he mailed and the ones that were mailed

63. Welsh tried to send is PlayStation to his mother.

64. Jennings denied this several times until Welsh wrote two grievances.

65. It was approved to send home on 5-24-23.

66. Jennings had Ramirez tampered with the PlayStation removing its power supply and memory core.

67. This was done because Jennings asked Welsh to donate the PlayStation to a local children's home which Welsh refused.

68. Jennings told Welsh that she had Ramirez do this because Welsh would not donate the PlayStation and when the PlayStation arrived at Welsh's mother's address the PlayStation which did work when Welsh requested to send it home when it arrived it no longer worked with the back plate removed from

the PlayStation and the power and memory supply being tampered with by Ramirez.

69. On July 1, 2023 Welsh was placed in solitary confinement and was order to receive Styrofoam trays from food services.

70. Welsh was receiving less portions on his trays, was receiving the tray cold, and was not receiving the same food as others would get.

71. This was not ordered by administration to do these thing to Welsh.

72. Welsh then filed communication forms and grievances about the difference in the treatment he was receiving.

73. As a result the food service workers started to feed Welsh the same food and portion size and the food was delivered warm with the exception of Douglass Radford.

74. Douglas Radford is a food service worker employed by Management and Training Corporation.

75. Radford refused to feed Welsh the same as other residence in the solitary confinement area when it comes to portion size and the same type of food.

76. Welsh would consistently be feed different food than other's in solitary area and feed less than the others every time Welsh.

77. Radford came and broke the solitary confinement officer one time on a weekend which is the only time it had happen.

78. Welsh asked him why he was doing this to Welsh and he stated because of Welsh causing trouble by the grievances and communication forms that he had filed that he filed.

## VI.  Cause of Action

A. Fourteenth Amendment Retaliation,

79. Jane Carpenter, Darla Jennings, Stetson Fisher, Havier Ramirez, S. Murphree, Unknown first name Jeroldo, did violate Welsh's United States Constitutional Fourteenth Amendment to be free from retaliation for exercising his constitutional rights to make bond.

B. First Amendment Retaliation,

80. Jane Carpenter, Darla Jennings, Stetson Fisher, Havier Ramirez, S. Murphree, Unknown first name Jeroldo, Douglas Radford did violate Welsh's United States Constitutional Fourteenth Amendment to be free from retaliation for exercising his constitutional rights to petition the government through his legal affidavits and grievances.

C. Fourteenth Amendment Retaliation,

81. Darla Jennings, Havier Ramirez, , did violate Welsh's United States Constitutional Fourteenth Amendment to be free from retaliation for exercising his constitutional rights to possess his personal property without being forced to donate the property.

D. Fourteenth Amendment Punishment

82. Darla Jennings, Havier Ramirez, did violate Welsh's United States Constitutional Fourteenth Amendment to be free from retaliation for exercising his constitutional rights to possess his personal property without being forced to donate the property.

E. State tort Law Negligence

83. Jane Carpenter, Darla Jennings, Stetson Fisher, Havier Ramirez, S. Murphree, Unknown first name Jeroldo were negligent in their action .as described herein for writing false cases, for taking legal material, for destroying legal material, for destroying personal property, and for retaliation.

F. State tort Law Intentional Infliction of Emotional Distress

84. Jane Carpenter, Darla Jennings, Stetson Fisher, Havier Ramirez, S. Murphree, Unknown first name Jeroldo did cause emotional negligent in their action .as described herein for writing false cases, for taking legal material, for destroying legal material, for destroying personal property, and for retaliation.

G. State tort Law Conversion

85. Jane Carpenter, Darla Jennings, Havier Ramirez did cause the destruction of Welsh's property in their action .as described herein for destroying Welsh's legal work, destroying welsh's legal affidavit, and destroying Welsh's PlayStation 3.

## VII. Relief

86. Lonnie Kade Welsh seeks from Darla Jennings in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

87. Lonnie Kade Welsh seeks from Havier Ramirez in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count

for exculpatory, mental anguish, past mental anguish and punitive damages.

88. Lonnie Kade Welsh seeks from Jane Carpenter in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

89. Lonnie Kade Welsh seeks from Stetson Fisher in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

90. Lonnie Kade Welsh seeks from S. Murphree in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

91. Lonnie Kade Welsh seeks from Unknown first name Jeroldo in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

92. Lonnie Kade Welsh seeks from Douglas Radford in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

## IX. Jury Trial

93. Plaintiff demands is United States Constitutional Seventh Amendment right to trial by jury and under 28 U.S.C § 1861.

## X. Court Cost and Attorney Fees

91. Welsh prays for all court cost for trial of the cause and attorney fees under 42 U.S.C. § 1988(b) and § 1988(c) to be assessed against the defendants.

## XI. Prayer

94. Wherefore, premise considered plaintiff humble prays the court grant all relief asked for or otherwise entitled.

Respectfully Submitted, _____

/s **Lonnie Kade welsh**

2600 S. Sunset Ave.

Littlefield, TX 79339

## XII. VERIFICATION

95. I have read the foregoing complaint and hereby verify that the matters alleged therein are true, I certify under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed in Littlefield, Texas on the 24th day of August 2024

Respectfully Submitted, and Signature of Declarant

*[signature]*

Lonnie Kade welsh
2600 S. Sunset Ave.
Littlefield, TX 79339

Lonnie Kade Welch
TCCC # CS16607
2600 S. Sunset Ave
Littlefield, TX 79339



$2.31
US POSTAGE
FIRST-CLASS
062S0014950485
FROM 79339



RECEIVED
SEP - 3 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

U.S. Dist. Court
1205 Texas Ave  Rm 209
Lubbock, TX 79401

**MAILED**
AUG 2 8 2024